IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A. DAVID SYDNEY and PATRICIA SYDNEY | : : : : : : : : | CIVIL ACTION |
| | | No. 12-1897 |
| v. | | |
| PACIFIC INDEMNITY COMPANY | | |

**NORMA L. SHAPIRO, J.**                                                                                August 1st, 2012

## MEMORANDUM

Plaintiffs A. David Sydney and Patricia Sydney filed suit against Pacific Indemnity Company ("Pacific"), in the Philadelphia County Court of Common Pleas. The plaintiffs, residents of Pennsylvania, allege a breach of contract for denial of home insurance coverage and seek damages in excess of $75,000. Pacific, a Wisconsin corporation with its principal place of business in New Jersey, removed to federal court, under 28 U.S.C. § 1332. Pacific now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment under Rule 56. For the following reasons, Pacific's motion to dismiss will be granted without prejudice. The court will allow the plaintiffs thirty days to amend their complaint following the completion of an appraisal.

### I.     Background

On or about January 2, 2010, and on or about February 2, 2010, plaintiffs' insured premises suffered sudden and accidental physical damage caused by a broken drainage line on the third floor of the house and the weight of ice and snow on the roof. Answer ¶ 2. On September 14, 2010, Pacific paid $25,691.36 on the ice-and-snow claim, and $50,133.03 for the plumbing

claim. (paper no. 3–4). On January 31, 2011, the plaintiffs informed Pacific that the claim now included replacement of the entire roof and that their public adjuster estimated the combined total of both losses at $187,727.28. *Id*. Pacific did not agree with the revised valuation. Plaintiffs allege that Pacific acknowledged that the loss to the property was covered under the terms and conditions of the policy but that they failed to indemnify the loss completely. Compl. ¶ 7–8. Plaintiffs contend that Pacific breached its contractual obligations under the insurance policy when it denied complete coverage for the claim. *Id*. ¶ 10.

On December 28, 2011, plaintiffs brought suit for a breach of contract in the Philadelphia Court of Common Pleas and filed their complaint on March 13, 2012. (paper no. 3–4). Pacific maintains that there is no dispute of coverage and that only the valuation of certain items of the loss is in dispute. *Id*.

On March 21, 2012, Pacific invoked the policy's appraisal clause (Y-6, Ex. C), which provides:

> If you or we fail to agree on the amount of loss, you or we may demand an appraisal of the loss. Each party will select an appraiser within 20 days after receiving written request from the other. The two appraisers will select a third appraiser. If they cannot agree on a third appraiser within 15 days, you or we may request that the selection be made by a judge of a court having jurisdiction.

Pacific's policy also requires that the plaintiffs comply with all provisions in the policy before pursuing litigation. The policy states:

> You agree not to bring legal action against us unless you have first complied with all conditions of this policy. For property, you also agree to bring any action against us within two years after a loss occurs, but not until 30 days after proof of loss has been submitted to us and the amount of loss has been determined.

(Y-5, Ex. C) ("the legal action clause"). Plaintiffs were required to select an appraiser within twenty (20) days of Pacific's notice demanding an appraisal; the twenty day period expired on April 11, 2012. Answer ¶ 15. The plaintiffs failed to respond to the demand for appraisal and subsequently pursued claims through litigation prematurely. Pacific moves to dismiss the breach-of-contract claim under Rule 12(b)(6) or, in the alternative, Rule 56, and asks the court to compel the plaintiffs to comply with the appraisal clause.

## II.     Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), in order to survive a motion to dismiss for failure to state a claim, the complaint must plead sufficient factual allegations stating a facially plausible claim for which relief may be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is facially plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation. *Id.*

In analyzing a complaint under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The court may disregard any legal conclusions in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

As a general rule, a district court ruling on a motion to dismiss may consider only material essential to the pleadings. *In re Burlington Coat Factories Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  A motion to dismiss must be converted to a motion for summary judgment if the

court does not exclude matters presented to the court that are outside the pleadings. Fed. R. Civ. P. 12(d). An exception to this rule is that a "document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *Burlington*, 114 F.3d at 1426. The Court of Appeals considers whether the claims in the complaint are "based" on an extrinsic document and not whether the extrinsic document was explicitly cited. *Id.*

### III.   Discussion

**A.  Whether the plaintiffs must comply with the terms of the insurance policy, including the appraisal clause and the legal action clause.**

The court must first determine the governing law. Under Pennsylvania law, an insurance contract is governed by the law of the state where it was created. *Meyer v. CUNA Mut. Ins. Soc.*, 648 F.3d 154, 164 (3d Cir. 2011). The interpretation of an insurance policy is a question of law for the court. *Medical Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir. 1999). "Where the language of a contract is clear and unambiguous, [we must] give effect to that language." *Meyer*, 648 F.3d at 164 (quotation omitted) (quoting *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (1999). The insureds are Pennsylvania residents, the loss occurred in Pennsylvania, and the policy was delivered in Pennsylvania. The court will apply Pennsylvania law to resolve this dispute.

Pacific contends that as a condition of the policy the plaintiffs had to participate in an appraisal process once an appraisal was demanded to settle the dispute over the valuation of the remaining items. Policy at Y-5, Ex. C. It is well-established public policy in Pennsylvania to settle disputes over the amount of claimed losses by appraisal. *Ice City v. Ins. Co. of N. Am.*, 314

A.2d 236, 240 (Pa. 1974). Although not expressly stated in the language of the policy, the appraisal clause may be invoked within a reasonable time. *See* Restatement (Second) of Contracts § 204 (1981). A condition to compel appraisal is that the insurance company must admit liability and the dispute involve only the dollar value of the claimed loss. *Ice City*, 314 A.2d at 240. A dispute of coverage occurs when an insurance company denies coverage to some of the loss. *See Banks v. Allstate*, 1992 WL 102885, at *2 (E.D. Pa. May 7, 1992). A disagreement as to the scope of the repairs and replacements needed to remedy a loss is still within the purview of the appraisal clause. *See Williamson v. Chubb Indem. Ins. Co.*, 2012 WL 760838, at *4 (E.D. Pa. March 8, 2012).

Under the terms of the contract, the plaintiffs waived their right to sue for a breach of the policy until exhausting all the remedies outlined in the policy, such as the appraisal clause. Policy at Y-5, Ex. C. Pacific invoked the appraisal clause three months after the plaintiffs filed suit, but only eight days after the complaint was filed. Answer ¶ 10. The plaintiffs failed to appoint their appraiser within 20 days as required by the policy and have not fully complied with the terms of the contract. The plaintiffs improperly pursued their claims at the time that they sought legal remedies and did so in violation of the insurance policy.

The court must enforce the clear and unambiguous terms of the policy agreement. Pacific disputes only the value of the claimed losses and did not deny coverage. Instead, Pacific paid $75,824.39 on the claims. The only remaining dispute relates to the valuation of specific items to be resolved through an appraisal. The plaintiffs must comply with the terms of the policy, including the appraisal clause; the court will compel appraisal.

> **B. If an insurance policy requires the plaintiffs to comply with an appraisal clause prior to seeking resolution through litigation, and the plaintiffs have failed to comply, they have not stated a claim upon which relief may be granted.**

Under Pennsylvania law, a claim of breach of contract must allege "the existence of a contract, including its essential terms; … a breach of a duty imposed by the contract; and … resulting damage." *Pittsburgh Const. Co. v. Griffith*, 834 A.2d 572, 589 (Pa. Super. 2003). The parties concede that they both seeking to enforce an insurance policy. The terms of the agreement are clear and unambiguous; the only dispute pertains to the extent of coverage provided. The appraisal clause was available to both parties, but the plaintiffs opted for litigation rather than exhausting remedies under the terms contract. By not complying with the appraisal clause the plaintiffs cannot bring suit under the policy's "legal action clause." Plaintiffs fail to state a valid claim upon which relief may be granted.

### IV. Conclusion

The plaintiffs are bound by the terms of the policy and cannot pursue litigation prior to completion of the appraisal process. Because the plaintiffs fail to state a claim for which relief may granted, the motion to dismiss is **GRANTED**. The court will compel the plaintiffs to proceed with an appraisal. An appropriate order follows.